IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| ALISHA HAMMACK, | ) | |
| Plaintiff, | ) | |
| VS. | ) | CASE NO: 07-659 |
| TRANS UNION, LLC & SUPERIOR BANK f/k/a BANK OF MONROEVILLE | ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Alisha Hammack, by and through the undersigned attorneys, brings this action against Defendant Trans Union LLC ("Trans Union"), and Superior Bank f/k/a Bank of Monroeville ("Superior") on the grounds and in the amounts set forth herein.

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et. seq., and claims under Alabama law. Plaintiff seeks actual damages, punitive damages, costs and attorney's fees.

2. Plaintiff is a natural person and consumer, a resident and a citizen of Mobile County in the State of Alabama and of the United States. Plaintiff is a "consumer" as defined by § 1681a(c) of the FCRA.

3. Defendant Trans Union is a corporation incorporated under the laws of Delaware. It has its principal place of business in Illinois. It is licensed to do business in Alabama.

4. Trans Union is a consumer reporting agency as defined in § 1681 of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties.

5. Defendant Superior is a corporation doing business in Alabama and is incorporated under the laws of Alabama. Defendant's principal place of business is in Alabama.

6. Superior is a furnisher of information as defined in 15 U.S.C. § 1681s-2 of the FCRA

and/or a user of consumer credit reports.

## JURISDICTION AND VENUE

7. This court has jurisdiction over this matter based upon 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law. Defendants are liable to Plaintiff pursuant to the provisions of the "Consumer Credit Protection Act of 1968, 15 U.S.C. § 1601, et seq., as well as other applicable law.

8. Venue is proper in the Southern District of Alabama pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

9. In 2006, adverse information contained in the Plaintiff's consumer credit report by Trans Union stated and implied that a judgment was on her credit in the amount of $259,376.00

10. Plaintiff was denied a loan in July 2006 based on inaccurate information being reported on her Trans Union credit report.

11. Plaintiff, in September 2006 advised Trans Union of the inaccurate reporting of the judgment and to remove it and/or update the correct amount immediately on her credit file.

12. Defendant received the dispute letters from Plaintiff as it was sent by certified mail.

13. On information and belief, Trans Union contacted the creditor Superior about the disputed judgment pursuant to the regulations and procedures provided for under the FCRA.

14. Plaintiff received the reinvestigation results from Trans Union on or about September 2006 stating that the judgment was to remain on her credit report as reported.

15. Defendant Trans Union did not perform a proper investigation as the judgment was not deleted nor updated as per Plaintiff's dispute request.

16. Plaintiff disputed the inaccurate information once again in October 2006 by contacting Trans Union by letter and seeking the removal and or update of the judgment on her credit report.

17. Plaintiff received the reinvestigation results from Trans Union on or about November 3 2006 stating that the judgment was to remain on her credit report as reported.

18. Defendant Trans Union did not perform a proper investigation as the judgment was not deleted nor updated as per Plaintiff's dispute.

19. Plaintiff disputed the inaccurate information once again in November 2006 by contacting Trans Union by letter and seeking the removal and or update of the judgment on her credit report.

20. Plaintiff received the reinvestigation results from Trans Union on or about December 22, 2006 stating that the judgment was to remain on her credit report as reported.

21. Defendant Trans Union did not perform a proper investigation as the judgment was not deleted nor updated as per Plaintiff's dispute.

22. The continued reporting by the Defendants occurred after the Plaintiff's notifications to the Defendants that the accounts were reporting incorrectly.

23. The Plaintiff has suffered damages, including but not limited to, the loss of credit, denial of loans based on the inaccurate information reporting on her credit, the loss of the ability to purchase and benefit from credit, mental suffering, and emotional pain as a result of Defendants' publication of this adverse credit information.

## COUNT ONE
### *Failure to comply with 15 U.S.C. § 1681s-2 of the Fair Credit Reporting Act by Defendant Superior*

24. This is a count against Defendant Superior for its willful and/or negligent violations of 15 U.S.C. § 1681s-2(b) of the FCRA.

25. Plaintiff re-alleges the relevant foregoing paragraphs of this complaint as if fully set out herein.

26. Defendant was required under 15 U.S.C § 1681s-2(b), to respond to the request for reinvestigation by the Plaintiff by completing a diligent inquiry into the facts underlying the trade-lines and providing accurate information to the credit reporting agencies regarding those trade-lines.

27. Defendant's reinvestigation included the following duties and was required to meet the following standards:

    A. To include a review of all information provided to it by the credit reporting agency;

    B. To be conducted in good faith;

    C. To be conducted in such a fashion as to assure the maximum possible accuracy of the Plaintiff's consumer credit report;

  D. To be conducted in such a way as to not violate any of the general prerequisites for Defendants' conduct under 15 U.S.C § 1681s-2(a) or any other statutory requirement for furnishers of credit information;

  E. To be conducted in a reasonable fashion; and

  F. To be conducted based on a review of all information reasonably available to Defendant.

28. Following the reinvestigation, on information and belief, Defendant reported the erroneous credit information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b) and the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(1)(A).

29. Following the reinvestigation, Defendant reported the erroneous credit information and consciously avoided knowing that the credit information was inaccurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b) and the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(1)(A).

30. Following the reinvestigation and dispatch of notice to the Defendant, Defendant reported credit information that was in fact not accurate, and in violation of the FCRA, 15 U.S.C. § 1681s-2(b) and the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(1)(A).

31. Following the reinvestigation and dispatch of notice to the Defendant, Defendant failed to notify the consumer reporting agencies to whom it reported credit information that the debts were disputed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b) and the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(1)(A).

32. Defendant's reinvestigation was not conducted in good faith.

33. Defendant's reinvestigation was not conducted in such a way as to insure the maximum possible accuracy of the Plaintiff's consumer report.

34. Defendant' reinvestigation was not conducted reasonably.

35. Defendant's reinvestigation was not conducted using all information reasonably available to Defendant.

36. Defendant's reinvestigation was per se deficient by reason of these failures of the Defendant in the reinvestigation of the credit accounts on the Plaintiff's consumer credit report.

37. Defendant's actions in violating the FCRA, 15 U.S.C. § 1681s-2(b) constituted willful

and/or negligent noncompliance with the FCRA, and entitles the Plaintiff to recover for damages.

**WHEREFORE**, Plaintiff demands judgment for actual damages; statutory damages, costs, attorney fees and punitive damages; such other relief as the Court deems proper.

### COUNT TWO
*Failure to comply with 15 U.S.C. §§ 1681e(b), 1681i(a) and 1681i(a)(5) of the Fair Credit Reporting Act and State Laws by Trans Union.*

38. This is a count against Defendant Trans Union for its willful and negligent violations of 15 U.S.C. §§ 1681e(b), 1681i(a), 1681i(a)(5) of the FCRA and state law.

39. Plaintiff re-alleges all the relevant foregoing paragraphs of this complaint as if fully set out herein.

40. Defendant willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy and identity theft in consumer credit reports.

41. Defendant willfully and/or negligently refused to properly reinvestigate the Plaintiff's consumer credit report.

42. The trade-lines contained within the Plaintiff's Trans Union reports as published by Defendant rendered the reports as inaccurate.

43. Following receipt of the Defendant's consumer report, the Plaintiff requested that Defendant reinvestigate the inaccurate accounts.

44. As part of the reinvestigation, Defendant was required to notify the furnishers of the allegedly inaccurate accounts of the dispute in a notice.

45. That notice was required to include all relevant information regarding the dispute that the agencies have received from the consumer.

46. As part of the reinvestigation, Defendant was required to consider and give due weight to all relevant information submitted by the Plaintiff.

47. Defendant negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by the Plaintiff in the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681i(a)(5).

48. In response to the request for reinvestigation, Defendant did not perform a reinvestigation, and refused to remove the inaccurate information in violation of the requirements of the FCRA, 15 U.S.C. § 1681i(a)(5).

49. Defendant has maintained the inaccurate accounts on the Defendant's credit reports of the Plaintiff.

50. Defendant has negligently and/or willfully failed to conduct a proper reinvestigation of the accounts in violation of 15 U.S.C. §§ 1681i, 1681n and/or 1681o.

51. The Plaintiff suffered damages as a result of this violation of the FCRA.

52. Defendant's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA, and entitles the Plaintiff to recover for damages.

**WHEREFORE**, Plaintiff demands judgment for actual damages; statutory damages, costs, attorney fees and punitive damages; such other relief as the Court deems proper.

## COUNT FOUR
### *Defamation*

53. The relevant above and foregoing paragraphs are re-alleged as if fully set out herein.

54. Between at least 2004 through the present, Defendants published to various credit reporting agencies, collection agencies, and attorneys the fact that Plaintiff had a judgment in her name for 259,376.00.

55. On information and belief the Defendants have published this information both orally and in writing.

56. Defendants had no factual basis for making the statements. Defendants knew this because Plaintiff notified them numerous times that the judgment was inaccurate and needed to be updated on her credit file.

57. Plaintiff has continued to notify Defendants by letters and phone that the subsequent reporting was inaccurate.

58. The written publications by Defendants constitute liable per se. The verbal publications constitute slander per se.

59. Despite Plaintiff's notice, Defendants acted with malice by attempting to coerce Plaintiff into paying for charges that were not hers. Additionally, Defendants acted with malice by reporting the information on her credit reports. Moreover, Defendants acted with malice by obstructing the reinvestigation of Plaintiff's consumer disputes when it advised credit reporting agencies, credit grantors, and collection agencies that the disputed information on the accounts were that of the Plaintiff. Defendants' acts constitute express or actual malice.

60.     Defendants have defamed the Plaintiff by publishing misleading and/or inaccurate information to third parties regarding her creditworthiness.

61.     As a direct and proximate result of Defendants' defamation, Plaintiff has suffered extreme mental anguish and suffering, loss of reputation, loss of the ability to obtain credit and pecuniary damages. The losses are either permanent in nature or continuing and Plaintiff will suffer losses in the future. Defendants' actions were malicious, willful, wanton, and in total disregard of Plaintiff's rights.

**WHEREFORE**, Plaintiff demands judgment for actual damages; statutory damages, costs, attorney fees and punitive damages; such other relief as the Court deems proper.

**RESPECTFULLY SUBMITTED,**

**DATED** this the _18th_ day of _September_, 2007.

_____
JAMES D. PATTERSON (PATTJ6485)
EARL P. UNDERWOOD, JR. (UNDEE6591)

**Law Offices of Earl P. Underwood**
**21 South Section St.**
**Fairhope, Alabama 36533**
**Phone:  251-990-5558**
**Fax: 251-990-0626**

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY OF THE ISSUES IN THIS CASE.**

_____
James D. Patterson

**Please serve this complaint by certified mail.**